FILED
2018 Mar-05 PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TODD ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:17-cv-00625-LSC |
| | ) | |
| MICHAEL HALE, *ET AL.* | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OF OPINION

Plaintiff Todd Alexander ("Plaintiff" or "Alexander") brings this action against Defendants Michael Hale ("Hale"), in his individual capacity and in his official capacity as Sheriff of Jefferson County; and James Burns in his individual capacity and in his official capacity as a Deputy Sheriff of Jefferson County ("Burns") (collectively, "Defendants"), alleging claims under 42 U.S.C. §§ 1983 and 1985, in addition to state law. All claims relate to an alleged misuse, by Burns, of the Alabama Law Enforcement Tactical System database. Before the Court is a Motion to dismiss filed by Defendant Hale (doc. 5), and a Motion for service by publication filed by Plaintiff (doc. 9). For the reasons stated more fully herein, Defendant Hale's motion is due to be granted and Plaintiff's motion is due to be denied.

I.   **BACKGROUND**[1]

On March 18, 2015, Plaintiff entered into a contract with Burns to provide home renovation services. After the initial contract, the house was found to require more work than was initially anticipated, and the contract was amended—through agreement of both parties—to include an additional $500 payment, to cover the labor and materials costs for the unanticipated work. A disagreement then ensued between Plaintiff and Burns. Burns asserted that Plaintiff was taking too long and charging too much for the job, while Plaintiff insisted that Burns was reneging on the terms of their contract. Burns demanded that Plaintiff finish by a particular date and refused to remit any further payments until the job was completed. Plaintiff finished what work he could with the remaining materials, informed Burns that he would have to find someone else to complete the job, and did not return.

On April 22, 2015, Burns filed a field incident report, claiming Plaintiff had defrauded him. Thereafter, on May 4, 2015, Burns signed a warrant for Plaintiff's

---

[1] At the motion to dismiss stage, the Court must accept the plaintiff's version of the facts as true, and construe "the reasonable inferences therefrom . . . in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).  The following facts are, therefore, taken from Plaintiff's allegations contained in his Complaint, and the Court makes no ruling on their veracity.

arrest, and attached numerous supporting documents, including a printed copy of Plaintiff's profile from the Alabama Law Enforcement Tactical System ("LETS") database. This LETS report was generated on April 15, 2015. Plaintiff alleges that Burns accessed LETS improperly, under false pretenses, and further, that he did so in order to pressure Plaintiff to accept a reduced payment for services already rendered.

## II. STANDARD OF REVIEW

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, in order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ray v. Spirit Airlines, Inc.* 836 F. 3d 1340, 1347-48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Id.* at 555. A complaint that "succeeds in identifying facts that

are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.*

## III. DISCUSSION

### A. DEFENDANT HALE'S MOTION TO DISMISS

Hale moves to dismiss: all Federal claims against him in his official capacity based on the concept of sovereign immunity under the Eleventh Amendment; all Federal claims against him in his individual capacity, asserting qualified immunity; Plaintiff's state law invasion of privacy claim based on the doctrine of absolute

immunity under the Alabama Constitution; and the claims for injunctive relief for lack of standing.

1. ***Official Capacity Federal- and State-law Claims***

Hale argues that as Sheriff of Jefferson County, he is entitled to sovereign immunity under the Eleventh Amendment and absolute immune under the Alabama Constitution with respect to any claim against him in his official capacity. Plaintiff concedes in his response to the motion to dismiss that such claims are due to be dismissed pursuant to existing law, stating that he "does not object to dismissal of official capacity claims against defendant Hale."(Doc. 13 at 9, 22.) As such, to the extent that Plaintiff's complaint may be construed to state claims against Hale in his official capacity as Sheriff of Jefferson County, all such claims are due to be dismissed.

2. ***Federal Individual Capacity Claims*** (42 U.S.C. §1983 - Fourth and Fourteenth Amendment); (42 U.S.C. §1983 - Driver's Privacy Protection Act of 1994 ("DPPA")); (18 U.S.C. §1030(g) Computer Fraud and Abuse Act) (42 U.S.C. §1983 - Malicious Prosecution)

With regard to Plaintiff's federal individual capacity claims, Defendant Hale argues he is entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their

conduct does not clearly violate established statutory or constitutional rights of which a reasonable person would have known.'" *Messerschmidt v. Millender*, 556 U.S. 535, 546 (2012) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Qualified immunity is "a defense not only from liability, but also from suit. . . ." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). As such, it is "important for a court to ascertain the validity of a qualified immunity defense as early in the lawsuit as possible." *Id.* (internal citations omitted). A defense of qualified immunity "may be raised and addressed on a motion to dismiss, and will be granted if the complaint 'fails to allege the violation of a clearly established constitutional right.'" *Smith v. Siegelman*, 322 F.3d 1290, 1294 (11th Cir. 2003) (quoting *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001)).

In order "[t]o receive qualified immunity, [a] public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (citations and internal quotation marks omitted). "[A] government official proves that he acted within his discretionary authority by showing 'objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his

authority." *Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991) (internal citations and quotation marks omitted)). There is no dispute that Defendant Hale was acting within the scope of his authority as Sheriff when performing the acts and omissions alleged by Plaintiff, namely "fail[ing] to develop, implement, or enforce" sufficient policies and procedures at the Jefferson County Sheriff's Office. (Doc. 13 at 9-10.) In fact, Plaintiff says as much in his Complaint: "At all times material to this complaint, all individual defendants were acting within the line and scope of their employment with the Jefferson County Sheriff's [Office]." (Doc. 1 at 3.)

In the analysis, "[o]nce the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee v. Ferraro*, 284 F.3d at 1194. "The threshold inquiry a court must undertake [in deciding whether a plaintiff has met its burden] . . . is whether plaintiff's allegations, if true, establish a constitutional violation.'" *Smith ex rel v. Siegelman*, 322 F.3d 1290, 1295 (11th Cir. 2003) (citing *Hope v. Pelzer*, 536 U.S. 730 (2002)). If the allegations state a constitutional violation, the court must go on to determine "whether the right was clearly established." *Id.*

Plaintiff alleged that Hale failed to prevent Defendant Burns from improperly accessing and using information from the LETS database.[2] Even if this allegation is true, it does not clearly establish a constitutional violation by Hale. It was Burns who accessed the LETS database and thereby allegedly violated Plaintiff's constitutional rights. Indeed, "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted). Instead, for Hale to be liable for the actions of one of his subordinates, there must be supervisory liability, which "occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). "Under the second method, '[t]he causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged

---

[2] "Defendant Hale knowingly authorized, directed, ratified, approved, acquiesced in, committed or participated in obtaining, disclosing or using of Mr. Alexander's private personal information by Defendant Burns." (Doc. 1 at 10.)

deprivation, and he fails to do so.'" *Grey ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting *Brown*, 906 F.2d at 671). Finally, "[t]he deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id.* Plaintiff has alleged only one example of abuse during Defendant Hale's tenure as Sheriff,[3] the one which prompted his Complaint. His allegations, even if true, establish only an isolated occurrence, and therefore the causal connection between Burns' actions and Hale has not been established.[4] Without this causal connection, Plaintiff's claims are due to be dismissed.

### 3. *Individual Capacity State-law Claims (malicious prosecution & invasion of privacy)*

---

[3] While Plaintiff alleges that Sherriff Hale "has had experience of illegal use of the criminal history databases[;] [and that his] first election in 1998 was marred by illegal use of the criminal history databases, when his [incumbent] opponent and the opponent's lawyer were convicted of using LETS's predecessor to verify if voters had criminal records that prevented them from legally voting [in the narrowly won election] . . . ." (Doc. 1 at 8.) *See U.S. v. Jordan*, 582 F.3d 1239 (11th Cir. 2009) (affirming the convictions of Hale's opponent and his opponent's attorney). This allegation, aside from the fact that it occurred before Hale's tenure as Sherriff and did not involve him, is not sufficient to establish "widespread abuse" that is "obvious, flagrant, rampant and of continued duration." *Grey ex rel. Alexander*, 458 F.3d at 1308.

[4] *See Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986) ("Normally random acts or isolated incidents are insufficient to establish a custom or policy.").

With regard to Plaintiff's state law claims against Hale in his individual capacity, Hale argues that he was acting within the line and scope of his employment and is therefore covered by absolute immunity under the Alabama Constitution. This state's constitution provides, "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14. Because a county sheriff "is an executive officer of the State of Alabama," *id.* art. V, § 112, he is entitled to this "unwaivable, absolute immunity from suit in any court." *Ex parte Burnell*, 90 So. 3d 708, 710–11 (Ala. 2012) (citations omitted). Absolute immunity extends to "actions against [a sheriff] in [his] individual capacit[y] for acts [he] performed in the line and scope of [his] employment," *Suttles v. Roy*, 75 So. 3d 90, 94 (Ala. 2010), because such suits "inherently constitute actions against the State." *Ex parte Shelley*, 53 So. 3d 887, 895 (Ala. 2009). A sheriff acts "within the course and scope of [his] employment" when "the actions giving rise to [the] claim were actions taken by [the defendant] in the execution of his duties as sheriff." *Ex parte Hale*, 6 So. 3d 452, 457 (Ala. 2008) (internal citations omitted). Plaintiff himself asserts in his Complaint that Hale was acting within the line and scope of his employment as the Sheriff of Jefferson County at all times material to the Complaint. (Doc. 1 at 8.) As such, any state-law claims against Hale in his

individual capacity necessarily stem from actions that are covered by Hale's absolute immunity as Sheriff, and are due to be dismissed.

4. *Injunctive Relief*

Plaintiff seeks to have the Court enjoin the whole of the Jefferson County Sheriff's Office from using or accessing "any database the [sic] has DPPA data or National Crime Information Center (NCIC) data included in its data . . . ." (Doc. 1 at 19.) "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–496 (1974); *Wooden v. Board of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001) ("To have standing to obtain forward-looking relief, a plaintiff must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future."). Plaintiff has not demonstrated any continuing adverse effects or imminent risk that the Jefferson County Sheriff Office will engage in unconstitutional conduct in the future. As the Supreme Court has said, "[r]ecognition of the need for a proper balance between state and federal authority counsels restraint in the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of irreparable injury

which is both great and immediate." *City of Los Angeles v. Lyons*, 461 U.S. 95, 96 (1983). The Court exercises such restraint and does not belief Plaintiff's requested injunction is justified. As such, Plaintiff's claims for injunctive relief are due to be dismissed.

### B. Plaintiff's Motion for Service by Publication

The Federal Rules of Civil Procedure provide for service of process pursuant to the law of the state "where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). Therefore, when a suit is filed in federal district court in the Northern District of Alabama, service of process can be accomplished by any means authorized by Alabama law. The circumstances in which service by publication is permitted in Alabama are outlined by Alabama Rule of Civil Procedure 4.3. Rule 4.3(c) authorizes service by publication upon a resident defendant who avoids service. It provides in pertinent part that:

> [w]hen a resident defendant avoids service and his present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication.

Ala.R.Civ.P. 4.3(c). Thus, Plaintiff must show (1) that Burns has avoided service; (2) his present location or residence is unknown; and (3) that the process server has failed to perfect service upon him. The Committee Comments to the rule make it clear that the use of the term "avoidance" is intentional and carries with it specific requirements that a plaintiff must fulfill in order to have a motion for service by publication granted.[5] Committee Comments to Ala. R. Civ. P. 4.3(c).

In an attempt to meet his burden under Rule 4.3, Plaintiff has provided an affidavit from his attorney, John M. Aaron. The first inquiry calls for a showing that Burns, the defendant resident, has avoided service. As the Committee Comments to Rule 4.3 make clear, a definitive showing—by Plaintiff—of culpability on the part of Defendant is required. Plaintiff's affidavit fails to make that requisite showing. At this point, having failed the first portion of test, the motion is due to be denied. The second step points to the same result: Burns' present location or

---

[5] "[M]ore than the mere inability to find the defendant is required because of the use of the term 'avoidance' of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication. Further, note that publication is only available on motion at which time the plaintiff should bring to the attention of the court those circumstances which, in the opinion of the plaintiff, substantiates plaintiff's contention that the defendant is avoiding service and that the plaintiff is entitled to service by publication. Committee Comments to Ala. R. Civ. P. 4.3(c).

residence is, in fact, known to Plaintiff, and is presented in his attorney's affidavit—necessitating a denial of the motion. (Doc. 9.)

As to the third step of the test, Plaintiff's affidavit states that the process server failed to serve Burns even after having visited Burns' house on four different occasions. Although the process server did return to Plaintiff the copy of the summons marked "Service not Complete," Plaintiff has not satisfied his burden to clearly demonstrate that Burns has avoided service. (Doc. 9-1); *see Fisher v. Amaraneni*, 565 So. 2d 84, 88 (Ala. 1990) (process server's six failed attempts to serve the defendants and his return of process endorsed as "not found" deemed insufficient to show avoidance of service, therefore trial court erred in "authoriz[ing] service by publication."); *see also Beasley v. United States*, 162 F.R.D. 700, 701 (M.D. Ala. 1995) (process server's multiple failed attempts to locate defendants insufficient to show they were avoiding service.). Absent a clear showing by Plaintiff that Burns has avoided service, his motion for service by publication (doc. 9) is due to be denied.

Pursuant to Federal Rule of Civil Procedure 4(m), "the court must extend the time for service for an appropriate period" upon a showing of good cause for failure to serve within the appropriate time period. The Court finds that Plaintiff's

motion and the accompanying affidavit, even though not enough to furnish a basis for service by publication is sufficient for an extension of time. As such, the Court extends the time within which Plaintiff must perfect service upon Burns. Plaintiff **must** serve Burns **on or before thirty days from the date of this Opinion**, or the Court may dismiss this action without prejudice against Burns pursuant to Fed. R. Civ. P. 4(m).

IV. CONCLUSION

For the reasons above, Hale's motion to dismiss (Doc. 5) is due to be GRANTED and Plaintiff's motion for service by publication (Doc. 9) is due to be DENIED. A separate Order consistent with this Memorandum of Opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on March 5, 2018.

L. Scott Coogler
United States District Judge

190685